IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ROBERT YOUNG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 11-2725-STA-dkv |
| ) | |
| **AURORA BANK; AURORA LOAN** ) | |
| **SERVICES, INC.; MORTGAGE** ) | |
| **LENDERS NETWORK, INC.;** ) | |
| **NATIONWIDE TRUSTEE** ) | |
| **SERVICES, INC.; and DOES 1-20;** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is the United States Magistrate Judge's Report and Recommendation (D.E. # 7) that Plaintiff's *pro se* complaint be dismissed for lack of subject matter jurisdiction. Because neither party has filed specific objections to the Report and Recommendation within the time allowed, the Magistrate Judge's Report and Recommendation is **ADOPTED** and Plaintiff's *pro se* complaint is **DISMISSED** for lack of subject matter jurisdiction.

### BACKGROUND

The Court hereby adopts the Magistrate Judge's report of the following procedural and factual background, to which neither party has filed timely objections: this is an action to set aside a non-judicial foreclosure. According to the complaint, on or about July 27, 2011, Defendant

1

Nationwide Trustee Services, Inc., issued to Plaintiff a notice of a pending foreclosure sale of 715 Western Park Drive to be held on August 25, 2011. (Compl., D.E. ¶ 32.) The complaint sets forth seven counts: (1) Count I - breach of contract; (2) Count II - intentional misrepresentation and fraud;, (3) Count III - wrongful foreclosure;(4) Count IV - slander of title; (5) Count V - unlawful interference with possessory interest; (6) Count VI - conflict of interest; and (7) Count VII - lack of standing to commence foreclosure action. (*Id.* ¶¶ 47-111.) The complaint also asserts that "Federal Reserve Notes are not money by law." (*Id.* ¶ 24.) Plaintiff seeks preliminary and permanent injunctive relief enjoining Defendants from foreclosing on his house, declaratory relief including a declaration that Defendants have no enforceable lien on his house, reinstatement of Plaintiff on the title to the property, cancellation of the foreclosure sale, and compensatory and punitive damages.

The Magistrate Judge made the following recommendations. As an initial matter, the Magistrate Judge recommended that Defendants' Rule 41(b) motions be denied. On September 14, 2012, Defendants filed separate motions to dismiss (D.E. # 4, 5), seeking dismissal of Plaintiff's *pro se* complaint for want of prosecution. The Magistrate Judge noted that Plaintiff's complaint was subject to the screening requirements of 28 U.S.C. § 1915(e)(2). This means the Clerk of Court would not issue summons to Plaintiff until screening was complete. Plaintiff had not served Defendants with process because the Clerk had not issued summons. As such, the Court should not dismiss the case for want of prosecution. The Magistrate Judge added that her Report would constitute the screening of Plaintiff's complaint.

With respect to the sufficiency of Plaintiff's pleadings, the Magistrate Judge concluded that the Court lacked subject matter jurisdiction over Plaintiff's complaint. Plaintiff failed to allege jurisdictional facts, namely, the citizenship of the parties, to support his claim that the Court had

diversity jurisdiction. The Magistrate Judge reasoned that the Court also lacks jurisdiction under 28 U.S.C. § 2241 because Plaintiff is not a prisoner or under 28 U.S.C. § 1343(4) because Plaintiff has not alleged any violations of his civil rights. As for any grounds for jurisdiction under 28 U.S.C. § 1331, the Magistrate Judge held that the complaint does not allege any cause of action under a federal statute. Although the complaint mentions the Truth in Lending Act, the Racketeer Influenced and Corrupt Organizations Act, and the National Currency Act, the Magistrate Judge found that the complaint did not actually state a claim under any of these statutes. Therefore, the Magistrate Judge recommended that the Court dismiss the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, a United States Magistrate Judge may hear a pretrial matter dispositive of a claim or defense and enter a recommended disposition along with proposed findings of fact.[1] A party may file specific written objections to the Magistrate Judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition.[2] The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[3] After reviewing the record, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[4] Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to

---

[1] 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

[2] § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

[3] § 636(b)(1)(C).

[4] *Id.*

which no specific objection is made.[5]  Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

In the case at bar, neither party has filed any specific objections to the Magistrate Judge's Report and Recommendation within the time permitted.  On May 1, 2013, Plaintiff filed a paper styled Plaintiff's Response to Motion to Dismiss and Sua Sponte Dismissal (D.E. # 8).  The entirety of the brief reads as follows: "Comes now Plaintiff, Robert Young, Pro Se and moves this Honorable Court Pursuant to Fed. R. Civ. P. 56 and moves for Summary Judgment.  Plaintiff will show that this Court has subject matter jurisdiction and he is entitled to Summary Judgment as a matter of law."[7] Construing this filing liberally in Plaintiff's favor, the Court finds that it does not actually raise any specific objection to the Magistrate Judge's Report and Recommendation.  If anything, Plaintiff's brief amounts to a general objection to the Magistrate Judge's recommended disposition.  The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency.[8]

---

[5] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

[7] Pl.'s Resp. to Mot. to Dismiss 1 (D.E. # 8).  Defendants Aurora Bank, Aurora Loan Services, Inc., and Mortgage Electronic Registration System, Inc. have filed a reply to Plaintiff's response.  Defs.' Reply to Pl.'s Resp. (D.E. # 9).  Defendants state that they oppose any motion for summary judgment because the Court lacks subject matter jurisdiction and because Plaintiff has failed to show why summary judgment would be proper.  Defendants have not raised any objections to the Magistrate Judge's Report and Recommendation.

[8] *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.[9]

The Court holds that Plaintiff has failed to present any specific objections to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over his complaint. In the absence of a specific objection, the Court adopts the Magistrate Judge's recommended disposition.

To the extent that Plaintiff's brief constitutes a motion for summary judgment, the Court need not take up the motion. As a procedural matter, Plaintiff has failed to comply with Federal Rule of Civil Procedure 56, which requires a moving party to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] Plaintiff's brief has made no such showing. Furthermore, Plaintiff has failed to comply with the requirements of Local Rule of Court 56.1 for motions for summary judgment.[11] Even if Plaintiff had filed a proper Rule 56 motion, the Court is without jurisdiction in this matter and consequently cannot reach the merits of the case. For these reasons the Court declines to consider Plaintiff's brief further.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire

---

[9] *Id*. (citing *Thomas*, 474 U.S. at 148).

[10] Fed. R. Civ. P. 56(a).

[11] *E.g.* Local R. 56.1(a) ("In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.").

record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report and **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date: May 13, 2013.